This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Vicki J. Knepp, appeals the sentence imposed by the Cuyahoga Falls Municipal Court. We reverse and remand.
 I.
Ms. Knepp pled guilty to driving while under the influence of alcohol, in violation of Cuyahoga Falls Codified Ordinance 333.01(a)(1). In a judgment entry journalized on January 12, 2001, the trial court sentenced Ms. Knepp to pay a fine of $1,000.00 and serve a term of sixty days incarceration; however, the court suspended $750.00 of the fine and fifty-four days of incarceration. Thus, the net result was that Ms. Knepp was ordered to pay a $250.00 fine and serve six days incarceration. In the same entry, the trial court stayed the execution of the sentence pending appeal and noted "MANDATORY MINIMUMS IMPOSED. FIRST OFFENSE." This appeal followed.[1]
 II.
Ms. Knepp asserts two assignments of error. We will discuss each in turn.
 A. First Assignment of Error THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT SENTENCED DEFENDANT TO SIXTY DAYS IN JAIL AND A $1,000 FINE FOR DRIVING WHILE UNDER THE INFLUENCE OF ALCOHOL IN VIOLATION OF O.R.C. 4511.19(A)(1) AFTER FINDING THAT SUCH SENTENCE WAS THE MANDATORY MINIMUM SENTENCE UNDER O.R.C. 4511.99.
In her first assignment of error, Ms. Knepp avers that the trial court erred as a matter of law when it sentenced her to a $1,000.00 fine and sixty days in jail for driving while under the influence of alcohol, in violation of Cuyahoga Falls Codified Ordinance 333.01(a)(1),[2] after finding that the aforementioned sentence was the mandatory minimum sentence. We agree.
Cuyahoga Falls Codified Ordinance 333.99(b) provides in part that "[w]hoever violates Section 333.01(a)(1) * * * hereof, in addition to the license suspension or revocation provided in Ohio R.C. 4507.16 and any disqualification imposed under Ohio R.C. 4506.16, shall be punished as provided in subsection (b)(1), (2), or (3) hereof." Subsections (b)(2) and (3) are not applicable in the present case, however, as those subsections pertain to an offender who has had multiple convictions for driving while under the influence of alcohol. Thus, the trial court was required to sentence Ms. Knepp in accordance with Cuyahoga Falls Codified Ordinance 333.99(b)(1), which provides:
 Except as otherwise provided in subsection (b)(2) to (b)(4)[3] hereof, the offender is guilty of a misdemeanor of the first degree and the court shall sentence the offender to a term of imprisonment of three consecutive days and may sentence the offender pursuant to Section 303.99(b) to a longer term of imprisonment. In addition, the court shall impose upon the offender a fine of not less than two hundred fifty dollars ($250.00) and not more than one thousand dollars ($1,000).
 The court may suspend the execution of the mandatory three consecutive days of imprisonment that it is required to impose by this paragraph, if the court, in lieu of the suspended term of imprisonment, places the offender on probation and requires the offender to attend, for three consecutive days, a drivers' intervention program that is certified pursuant to Ohio R.C. 3793.10. The court also may suspend the execution of any part of the mandatory three consecutive days of imprisonment that it is required to impose by this paragraph, if the court places the offender on probation for part of the three consecutive days; requires the offender to attend, for that part of the three consecutive days, a drivers' intervention program that is certified pursuant to Ohio R.C. 3793.10; and sentences the offender to a term of imprisonment equal to the remainder of the three consecutive days that the offender does not spend attending the drivers' intervention program. The court may require the offender, as a condition of probation, to attend and satisfactorily complete any treatment or education programs that comply with the minimum standards adopted pursuant to Ohio R.C. Chapter 3793 by the State Director of Alcohol and Drug Addiction Services, in addition to the required attendance at a drivers' intervention program, that the operators of the drivers' intervention program determine that the offender should attend and to report periodically to the court on the offender's progress in the programs. The court also may impose any other conditions of probation on the offender that it considers necessary.
For a first time offender, the mandatory minimum term of imprisonment for a violation of Cuyahoga Falls Codified Ordinance 333.01(a)(1) is three consecutive days and the mandatory minimum fine is $250.00. Cuyahoga Falls Codified Ordinance 333.99(b)(1). Additionally, a trial court may suspend, in whole or in part, the mandatory minimum three consecutive days incarceration if it imposes certain conditions specified in Cuyahoga Falls Codified Ordinance 333.99(b)(1). Furthermore, the trial court may in its discretion impose a sentence greater than the minimum. Cuyahoga Falls Codified Ordinance 333.99(b)(1).
In the present case, it appears that the trial court intended to impose the mandatory minimum sentence for a violation of Cuyahoga Falls Codified Ordinance 333.01(a)(1), as the court wrote in its judgment entry that the mandatory minimums were imposed. The trial court, however, sentenced Ms. Knepp to pay a fine of $1,000.00, with $750.00 of such fine suspended, and serve a term of sixty days incarceration, with fifty-four days of such term suspended. Thus, the trial court imposed a sentence that was greater than the mandatory minimum, pursuant to Cuyahoga Falls Codified Ordinance 333.99(b)(1). Accordingly, as the trial court appears to have intended to sentence Ms. Knepp to the mandatory minimum sentence but actually sentenced her to more than the mandatory minimum under the applicable ordinances, we reverse Ms. Knepp's sentence and remand the case for re-sentencing.[4] Ms. Knepp's first assignment of error is sustained.
 B. Second Assignment of Error THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT IMPOSED A SENTENCE FOR DRIVING WHILE UNDER THE INFLUENCE OF ALCOHOL THAT WAS GREATER THAN THE MANDATORY MINIMUM PRESCRIBED BY O.R.C. 4511.99(A)(1) WITHOUT CONSIDERING THE SENTENCING CRITERIA SET FORTH IN O.R.C. 2929.22.
In her second assignment of error, Ms. Knepp contends that the trial court erred when it imposed a sentence that was greater than the minimum sentence without considering the sentencing criteria set forth in R.C.2929.22. We need not address the merits of this assignment of error, as it has been rendered moot by this court's disposition of Ms. Knepp's first assignment of error. See App.R. 12(A)(1)(c).
 III.
Ms. Knepp's first assignment of error is sustained. Her second assignment of error is rendered moot by this court's disposition of the first assignment of error. The decision of the Cuyahoga Falls Municipal Court is reversed, and the cause is remanded for re-sentencing.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 _________________________ WILLIAM G. BATCHELDER
BAIRD, J., CARR, J. CONCUR.
[1] Ms. Knepp included a document entitled "transcript of proceedings" in the record on appeal. The transcript, however, was not transcribed by an official court reporter, pursuant to App.R. 9(B). This court, therefore, allowed Ms. Knepp additional time within which to comply with App.R. 9. As Ms. Knepp did not timely comply, this court will not consider the document entitled "transcript of proceedings" in determining the present appeal.
[2] Cuyahoga Falls Codified Ordinance 333.01(a)(1) provides that "[n]o person shall operate any vehicle within the Municipality, if * * * [t]he person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse[.]"
[3] In addition to subsections (b)(2) and (3), subsection (b)(4) is not applicable to the present case, as it also pertains to an offender who has multiple convictions for driving while under the influence of alcohol.
[4] We note that on remand, the trial court may impose the mandatory minimums, pursuant to Cuyahoga Falls Codified Ordinance 333.99(b)(1), or it may, in its discretion, impose a greater sentence not to exceed a six month term of imprisonment and not to exceed a $1,000 fine. See Cuyahoga Falls Codified Ordinance 303.99(b) and 333.99(b)(1).